Douglas J. Pick
Eric C. Zabicki
**PICK & ZABICKI LLP**
Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                            Chapter 7
BARBARA J. ABADI,                                                  Case No. 24-

                            Debtor.                                   **DECLARATION**
-------------------------------------------------------------x

        JENNIFER POLICH, hereby declares as follows under penalty of perjury:

        1.     I reside at 1457 E. Lake Woodland Parkway, Oldmar, Florida 34677. I have personal knowledge of the facts and circumstances described herein. Pursuant to a New York Statutory Short Form Power of Attorney executed on June 17, 2024, a copy of which is attached hereto as *Exhibit "A"* (the "Power of Attorney"), I hold a power of attorney to act in the place and stead of Barbara J. Abadi, the chapter 7 debtor herein.

        2.     The Detor's chapter 7 filing was precipitated by the Debtor's incarceration in connection with a matter pending in the Supreme Court of the State of New York, County of New York. Specifically, the case entitled *Honeedew Investing Limited v. Abadi*, 652654/2017 is a collection action based on a $4,603,408.23 Confession of Judgment that the Debtor (and her non-debtor husband Carlos Abadi) executed on November 16, 2016. *See Honeedew*, Doc. 1 (Confession of Judgment). Honeedew entered the Judgment on May 17, 2017 and began collection efforts when the Abadis defaulted on a Settlement Agreement, pursuant to which they agreed to pay Honeedew $4,603,408.23 in connection with winding down of Abadi & Co. Securities, Ltd.

*Honeedew*, Dkt 20 (Settlement Agreement), Recitals. According to Honeedew, the judgment has accrued to $8,414,046 outstanding with post-judgment interest. (May 20, 2024 Tr. at 13:13-14.)

3. Although the judge in the *Honeedew* matter, the Honorable Nancy Bannon, has repeatedly proclaimed her belief that the Debtor "has the ability" to pay the judgment, (*e.g.*, May 20, 2024 Tr. at 13:15-17; 18:23-19:04), *nowhere to be found in the court record* is there any evidence to support that belief and the Debtor has repeatedly sworn, under oath, that she has no ability to pay the judgment and has no available assets from which a payment to Honeedew could be made. Simply said, the Debtor is literally impoverished, in every sense of that word, entirely unable to pay the judgment entered against her. She is not in possession, custody or control of any assets of value nor does she have any income, from which to satisfy the judgment and interest.

4. On May 20, 2024, Justice Bannon committed the Debtor to the custody of the Department of Corrections for four months, unless she pays the judgment in full, *i.e.*, the entire $8.4 million. (May 20, 2024 Tr. at 11:25-12:13.) The court in *Honeedew* predicated the commitment order upon an April 4, 2024 finding of civil contempt. *Honeedew* Doc. 449 (Order) at 6. The finding of civil contempt was, in turn, based upon findings made by the court that six or seven years earlier, in 2017 and 2018, the Abadis frustrated the plaintiff's efforts to collect on the judgment.

5. The Debtor remains in the custody of the Department of Corrections and is presently incarcerated at the Rikers Island jail facility in East Elmhurst, New York. Upon being taken into custody, Department of Corrections took the Debtor's phone from her. The process for obtaining the phone is complicated and requires *at least* four weeks for processing. Therefore, since she has entered the facility, the Debtor has had no access to the phone, to any computer or to

any other device capable of storing the essential information she would have needed to complete the required forms for the required credit counseling course, let alone the required interview.

6.      On June 17, 2024, the Debtor executed the broad Power of Attorney in my favor. I obtained the Debtor's iPad from her hotel room where she was staying prior to the court appearance at which she was committed. The Debtor's only access to a phone is a Rikers' facility phone, from which she can only make 10-minute calls with a substantial waiting period between calls being required and an inability to schedule calls at any dependable/reliable time. The credit-counseling interview with the Debtor would have required multiple repeated calls to be held and in ten minute intervals before her telephone privileges were up.

7.      I understand that the Debtor had requested access to credit-counseling (and had requested more time on the phone for this purpose alone) so she could file her bankruptcy petition and was informed by Rikers that "such privileges" are unavailable to her. The credit counseling company providing the course advised me that under these circumstances, it is possible for the person with a Power of Attorney to complete the course on behalf of the debtor, which I did. The required information for the Debtor's bankruptcy petition is quite detailed. Among the items required were:

- The Debtor's current income and expenses for 2024 year-to-date.
- List of the Debtor's creditors, including their names, addresses, and amounts owed.
- Access and report the Debtor's social security income.
- Access and report the Debtor's pension income.
- Access the Debtor's bank accounts to determine cash assets and report each such asset in detail.

- Access the Debtor's credit card statements to determine current amounts owed to each creditor.

8. I understand that there is no way for the Debtor to gather this information while incarcerated at Rikers. After I gathered the necessary details, I completed a 40-minute chat interview with the credit counselor. This interview verified the provided income and expenses and offered suggestions on how the Debtor could reduce her grocery and personal expenses so that her $1,100 disposable income (before rent and utilities) could be used to pay down her $8,550,000 debt. Without a phone or internet access, the Debtor would not have been able to participate in this interview.

9. Accordingly, on July 5, 2024, I took the credit counseling course on the Debtor's behalf. Thereafter, on July 10, 2024, I executed the Debtor's chapter 7 petition and schedules which are being simultaneously filed with this Declaration. I am advised that upon her release from Rikers that the Debtor is prepared to take the two credit counseling courses.

10. I hereby declare, pursuant to 28 U.S.C. §1746 and under penalties of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Executed on July 10, 2024

DocuSigned by:

*Jennifer Polich*
13D261F8898C4D2...
JENNIFER POLICH

# EXHIBIT "A"


New York State Bar Association
New York Statutory Short Form Power of Attorney, Eff. 6/13/21

# POWER OF ATTORNEY
# NEW YORK STATUTORY SHORT FORM

(a)  **CAUTION TO THE PRINCIPAL:** Your Power of Attorney is an important document. As the "principal," you give the person whom you choose (your "agent") authority to spend your money and sell or dispose of your property during your lifetime without telling you. You do not lose your authority to act even though you have given your agent similar authority.

When your agent exercises this authority, he or she must act according to any instructions you have provided or, where there are no specific instructions, in your best interest. "Important Information for the Agent" at the end of this document describes your agent's responsibilities.

Your agent can act on your behalf only after signing the Power of Attorney before a notary public.

You can request information from your agent at any time. If you are revoking a prior Power of Attorney, you should provide written notice of the revocation to your prior agent(s) and to any third parties who may have acted upon it, including the financial institutions where your accounts are located.

You can revoke or terminate your Power of Attorney at any time for any reason as long as you are of sound mind. If you are no longer of sound mind, a court can remove an agent for acting improperly.

Your agent cannot make health care decisions for you. You may execute a "Health Care Proxy" to do this.

The law governing Powers of Attorney is contained in the New York General Obligations Law, Article 5, Title 15. This law is available at a law library, or online through the New York State Senate or Assembly websites, www.nysenate.gov or www.nyassembly.gov.

If there is anything about this document that you do not understand, you should ask a lawyer of your own choosing to explain it to you.

(b)  **DESIGNATION OF AGENT(S):**

I, _Barbara Abadi_        _3438 E Lake Rd_
                                              _Suite 14 Box 643_
   (name of principal)    _Palm Harbor, FL 34685_
                                              (address of principal)

hereby appoint:

_Jennifer Polich_          _1457 E. Lake Woodlands Pkwy_
                                              _Oldsmar, FL 34677_
   (name of agent)         (address of agent)

_____        _____
(name of second agent)     (address of second agent)

as my agent(s).

1

 **New York State Bar Association**
New York Statutory Short Form Power of Attorney, Eff. 6/13/21

If you designate more than one agent above and you do not initial the statement below, they must act together.

( N/A ) My agents may act SEPARATELY.

**(c)    DESIGNATION OF SUCCESSOR AGENT(S): (OPTIONAL)**
If any agent designated above is unable or unwilling to serve, I appoint as my successor agent(s):

__N/A_____    _____
(name of successor agent)          (address of successor agent)

__N/A_____    _____
(name of second successor agent),    (address of second successor agent)

If you do not initial the statement below, successor agents designated above must act together.

( N/A ) My successor agents may act SEPARATELY.

You may provide for specific succession rules in this section. Insert specific succession provisions here:


**(d)    This POWER OF ATTORNEY shall not be affected by my subsequent incapacity unless I have stated otherwise below, under "Modifications".**

**(e)    This POWER OF ATTORNEY DOES NOT REVOKE any Powers of Attorney previously executed by me unless I have stated otherwise below, under "Modifications."**

**(f)    GRANT OF AUTHORITY:**
To grant your agent some or all of the authority below, either
  (1)    Initial the bracket at each authority you grant, or
  (2)    Write or type the letters for each authority you grant on the blank line at (P), and initial the bracket at (P). If you initial (P), you do not need to initial the other lines.

I grant authority to my agent(s) with respect to the following subjects as defined in sections 5-1502A through 5-1502N of the New York General Obligations Law:

( X )  (A) real estate transactions;

( X )  (B) chattel and goods transactions;

( X )  (C) bond, share, and commodity transactions;

( X )  (D) banking transactions;

( X )  (E) business operating transactions;

( X )  (F) insurance transactions;

( X )  (G) estate transactions;

2

New York State Bar Association
New York Statutory Short Form Power of Attorney, Eff. 6/13/21

(X) (H) claims and litigation;

(X) (I) personal and family maintenance: If you grant your agent this authority, it will allow the agent to make gifts that you customarily have made to individuals, including the agent, and charitable organizations. The total amount of all such gifts in any one calendar year cannot exceed five thousand dollars;

(X) (J) benefits from governmental programs or civil or military service;

(X) (K) financial matters related to health care; records, reports, and statements;

(X) (L) retirement benefit transactions;

(X) (M) tax matters;

(X) (N) all other matters;

(____) (O) full and unqualified authority to my agent(s) to delegate any or all of the foregoing powers to any person or persons whom my agent(s) select;

(____) (P) EACH of the matters identified by the following letters _____.

You need not initial the other lines if you initial line (P).

**(g)    CERTAIN GIFT TRANSACTIONS: (OPTIONAL)**

In order to authorize your agent to make gifts in excess of an annual total of $5,000 for all gifts described in (I) of the grant of authority section of this document (under personal and family maintenance), and/or to make changes to interest in your property, you must expressly grant that authorization in the Modifications section below. If you wish to authorize your agent to make gifts to himself or herself, you must expressly grant such authorization in the Modifications section below. Granting such authority to your agent gives your agent the authority to take actions which could significantly reduce your property and/or change how your property is distributed at your death. Your choice to grant such authority should be discussed with a lawyer.

(X) I grant my agent authority to make gifts in accordance with the terms and conditions of the Modifications that supplement this Statutory Power of Attorney.

**(h)    MODIFICATIONS: (OPTIONAL)**

In this section, you may make additional provisions, including, but not limited to, language to limit or supplement authority granted to your agent, language to grant your agent the specific authority to make gifts to himself of herself, and /or language to grant your agent the specific authority to make other gift transactions and/or changes to interests in your property. Your agent is entitled to be reimbursed from your assets for reasonable expenses incurred on your behalf. In this section, you may make additional provisions if you ALSO wish your agent(s) to be compensated from your assets for services rendered on your behalf, and you may define "reasonable compensation."

**(i)    DESIGNATION OF MONITOR(S): (OPTIONAL)**

If you wish to appoint monitor(s), initial and fill in the section below:

(X) I wish to designate _____, whose address(es) is (are) _____, as monitor(s). Upon the request of the monitor(s), my agent(s) must provide the monitor(s) with a copy of the power of attorney and a record of all transactions done or made on my behalf. Third parties holding records of such transactions shall provide the records to the monitor(s) upon request.

3



**New York State Bar Association**
New York Statutory Short Form Power of Attorney, Eff. 6/13/21

**(j)    COMPENSATION OF AGENT(S):**

Your agent is entitled to be reimbursed from your assets for reasonable expenses incurred on your behalf. If you ALSO wish your agent(s) to be compensated from your assets for services rendered on your behalf, and/or you wish to define "reasonable compensation", you may do so above, under "Modifications".

**(k)    ACCEPTANCE BY THIRD PARTIES:**

I agree to indemnify the third party for any claims that may arise against the third party because of reliance on this Power of Attorney. I understand that any termination of this Power of Attorney, whether the result of my revocation of the Power of Attorney or otherwise, is not effective as to a third party until the third party has actual notice or knowledge of the termination.

**(l)    TERMINATION:**

This Power of Attorney continues until I revoke it or it is terminated by my death or other event described in section 5-1511 of the General Obligations Law.
Section 5-1511 of the General Obligations Law describes the manner in which you may revoke your Power of Attorney, and the events which terminate the Power of Attorney.

**(m)    SIGNATURE AND ACKNOWLEDGMENT:**

In Witness Whereof I have hereunto signed my name on __June 17__, 20_24_

PRINCIPAL signs here: ====> _Barbara Abadi_

STATE OF NEW YORK    )
                     )    ss:
COUNTY OF _New York_ )

On the _17_ day of _June_, 20_24_ before me, the undersigned, personally appeared _Barbara Abadi_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_Conor McLaughlin_
Notary Public

CONOR MCLAUGHLIN
Notary Public State of New York
No. 01MC6400842
Qualified in Queens County
Commission Expires November 25, 20__

**(n)    SIGNATURE OF WITNESSES:**

By signing as a witness, I acknowledge that the principal signed the Power of Attorney in my presence and in the presence of the other witness, or that the principal acknowledged to me that the principal's signature was affixed by him or her or at his or her direction. I also acknowledge that the principal has stated that this Power of Attorney reflects his or her wishes and that he or she has signed it voluntarily. I am not named herein as an agent or as a permissible recipient of gifts.

_____        _____
*Signature of Witness 1*        *Signature of Witness 2*

4

**New York State Bar Association**
New York Statutory Short Form Power of Attorney, Eff. 6/13/21

_6.29.24_
Date

GRETCHEN A. OSWALT
Print name

1457 E. LAKE WOODLANDS PKWY
Address

OLDSMAR, FL 34677
City, State, Zip Code

_6/29/2024_
Date

Kenneth Montgomery
Print name

3438 East Lake Rd Ste 14
Address

Palm Harbor, FL 34685
City, State, Zip Code

(o)   **IMPORTANT INFORMATION FOR THE AGENT:**

When you accept the authority granted under this Power of Attorney, a special legal relationship is created between you and the principal. This relationship imposes on you legal responsibilities that continue until you resign or the Power of Attorney is terminated or revoked. You must:
   (1) act according to any instructions from the principal, or, where there are no instructions, in the principal's best interest;
   (2) avoid conflicts that would impair your ability to act in the principal's best interest;
   (3) keep the principal's property separate and distinct from any assets you own or control, unless otherwise permitted by law;
   (4) keep a record of all transactions conducted for the principal or keep all receipts of payments and transactions conducted for the principal; and
   (5) disclose your identity as an agent whenever you act for the principal by writing or printing the principal's name and signing your own name as "agent" in either of the following manners: (Principal's Name) by (Your Signature) as Agent, or (your signature) as Agent for (Principal's Name).

You may not use the principal's assets to benefit yourself or anyone else or make gifts to yourself or anyone else unless the principal has specifically granted you that authority in the modifications section of this document or a Non-Statutory Power of Attorney. If you have that authority, you must act according to any instructions of the principal or, where there are no such instructions, in the principal's best interest.

You may resign by giving written notice to the principal and to any co-agent, successor agent, monitor if one has been named in this document, or the principal's guardian if one has been appointed. If there is anything about this document or your responsibilities that you do not understand, you should seek legal advice.

Liability of agent: The meaning of the authority given to you is defined in New York's General Obligations Law, Article 5, Title 15. If it is found that you have violated the law or acted outside the authority granted to you in the Power of Attorney, you may be liable under the law for your violation.

5


New York State Bar Association
New York Statutory Short Form Power of Attorney, Eff. 6/13/21

**(p) AGENT'S SIGNATURE AND ACKNOWLEDGMENT OF APPOINTMENT:**

It is not required that the principal and the agent(s) sign at the same time, nor that multiple agents sign at the same time.

I/we, JENNIFER J. POLICH, have read the foregoing Power of Attorney. I am/we are the person(s) identified therein as agent(s) for the principal named therein.

I/we acknowledge my/our legal responsibilities.

In Witness Whereof I have hereunto signed my name on June 29, 2024

Agent(s) sign(s) here: ==> Jennifer J. Polich

==> _____

STATE OF ~~NEW YORK~~ Florida )
                              ) ss:
COUNTY OF Pinellas            )

On the 29th day of June, 2024, before me, the undersigned, personally appeared Jennifer Polich, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

KENNETH T MONTGOMERY
Notary Public - State of Florida
Commission # HH 434350
My Comm. Expires Sep 24, 2027
Bonded through National Notary Assn.

Notary Public: Kenneth T Montgomery

**(q) SUCCESSOR AGENT'S SIGNATURE AND ACKNOWLEDGMENT OF APPOINTMENT:**

It is not required that the principal and the SUCCESSOR agent(s), if any, sign at the same time, nor that multiple SUCCESSOR agents sign at the same time. Furthermore, successor agents can not use this power of attorney unless the agent(s) designated above is/are unable or unwilling to serve.

N/A

I/we, _____, have read the foregoing Power of Attorney. I am/we are the person(s) identified therein as SUCCESSOR agent(s) for the principal named therein.

In Witness Whereof I have hereunto signed my name on _____ 20__

Successor Agent(s) sign(s) here: ==> _____

==> _____

6

New York State Bar Association
New York Statutory Short Form Power of Attorney, Eff. 6/13/21

STATE OF NEW YORK    )
                                          ) ss:
COUNTY OF _____ )

N/A

     On the _____ day of _____, 20___, before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                                                           _____
                                                                           Notary Public