UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                                                          Chapter 7

BARBARA J. ABADI,                                                  Case No. 24-42873 (JMM)

                                      Debtor.
----------------------------------------------------------x

## ORDER: (A) ENFORCING THE AUTOMATIC STAY; (B) HOLDING HONEEDEW INVESTING LIMITED IN CIVIL CONTEMPT FOR VIOLATIONS OF THE AUTOMATIC STAY; AND (C) SETTING BRIEFING SCHEDULE AND HEARING DATE WITH RESPECT TO IMPOSITION OF SANCTIONS

Upon the motion of Barbara Abadi, the chapter 7 debtor herein (the "Debtor"), filed on July 19, 2024 [ECF No. 9] (the "Motion"), seeking the entry of an Order, pursuant to 11 U.S.C. §§ 105(a) and 362(a) and Fed. R. Bankr. P. 9020: (a) enforcing the automatic stay with regard to a civil proceeding entitled *Honeedew Investing Limited v. Abadi* (Index No. 652654/2017) (the "State Court Action") pending in the Supreme Court of the State of New York, New York County (the "State Supreme Court"), involving the enforcement of a $4,603,408.23 (principal amount) prepetition money judgment against the Debtor (the "Judgment", a copy of which was attached as *Exhibit "A"* to the Motion); and (b) holding plaintiff-judgment creditor Honeedew Investing Limited ("Honeedew") in contempt for willfully violating the automatic stay imposing sanctions against Honeedew on account thereof; (c) directing the release of the Debtor from her incarceration; and (d) granting such other and further relief as may be just and proper; and the Court having entered an Order to Show Cause on July 21, 2024 [ECF No. 10] with respect to the Motion; and due and adequate notice of the Motion having been provided as proscribed in the Order to Show Cause as evidenced by an Affidavit of Service filed by the Debtor on July 22, 2024 [ECF No. 13]; and it appearing that no other or further notice need be given; and the Court having

considered Honeedew's arguments that were made at the hearing held on July 22, 2024 (the "Hearing") in opposition to the Motion (which were filed on July 22, 2024; ECF Nos. 15 and 17); and for the reasons set forth in this Court's decision that was read into the record of the Hearing; and after due deliberation and sufficient cause appearing therefore; it is hereby

**FOUND that:**

1. On or about April 5, 2024, the Justice in the State Court Action entered a Decision, Order and Judgment in the State Court Action (NYSCEF Doc. No. 450) providing in part:

   > OREDERED that the defendants Carlos Abadi and Barbara Abadi are directed to pay the plaintiff, within 30 days of the date of the service upon them of this order with notice of entry, the sum of $4,603,408.23 plus statutory interest from May 17, 2017, the date that the judgment by confession was entered

2. On or May 20, 2024, the Justice in the State Court Action entered an Order of Commitment (NYSCEF Doc. No. 468) in which she found the Debtor and Carlos Abadi to be in "civil contempt of court for failure to comply with prior court orders and failing to satisfy the judgment." The Justice in the State Court Action directed that the Debtor be incarcerated for up to four months; provided, however, "the defendants shall be immediately released upon the purging of their contempt upon proof of payment to the plaintiff on the purge amount of [$]4,603,408.23 plus statutory interest of 9% from May 17, 2017 and the plaintiff's confirmation of such payment."

3. On May 20, 2024, the Sheriff delivered the Debtor to the Department of Corrections. As of the date of the Hearing, the Debtor remained incarcerated.

4. The Debtor filed a voluntary petition for relief under chapter 7, title 11 of the United States Code on July 11, 2024, commencing the above-captioned case.

5. The Justice in the Supreme Court action held a July 15, 2024 hearing attended by the Debtor, her counsel, and Honeedew and its counsel. Debtor's counsel advised the Justice in the State Court Action that the Debtor's continued incarceration violated the automatic stay. Honeedew's counsel opposed the Debtor's release and advised the Court, among other things, that the bankruptcy case may be a nullity and that Honeedew intended to seek dismissal of the bankruptcy case.

6. Bankruptcy Code sections 362(a)(2) stays the enforcement against a debtor of a judgment obtained before the commencement of the debtor's bankruptcy case. Bankruptcy Code section 362(a)(6) stays any act to collect or recover a claim against a debtor that arose before the commencement of the debtor's bankruptcy case.

7. The filing of the voluntary petition commenced this case and stayed, pursuant to Bankruptcy Code section 362(a), all further acts to enforce or collect Honeedew's Judgment from the Debtor or from assets of the chapter 7 estate.

8. Incarceration of the Debtor after the commencement of this case violated Bankruptcy Code sections 362(a)(2) and (a)(6). Upon learning of the commencement of this bankruptcy case, Honeedew was obliged to cease efforts to enforce its Judgment and collect the debt owed to it by the Debtor, by, among other things, informing the Justice in the State Court Action that the automatic stay stayed Honeedew from enforcing or collecting its Judgment.

9. Honeedew is found to be in civil contempt on account of its willful violation of the automatic stay arising in this case as a result of its continued prosecution of the State Court Action at a State Court hearing that was held on July 15, 2024, notwithstanding

its having knowledge of and having been provided with notice of the filing of the Debtor's chapter 7 petition.

**NOW, THEREFORE, it is:**

**ORDERED** that the automatic stay is modified to the limited extent that Honeedew is authorized and directed to take all actions necessary and reasonable, at no cost to the Debtor, to procure the Debtor's immediate release from the commitment and/or incarceration imposed by the State Supreme Court with respect to the State Court Action; and it is further

**ORDERED** that the Debtor's passport shall continue to be held by the Clerk of the State Supreme Court and not surrendered to the Debtor absent further Order of this Court; and it is further

**ORDERED** that the Debtor's request for the imposition of sanctions against Honeedew is severed and shall be determined after additional briefing and, if deemed necessary or appropriate by this Court, further oral argument; and it is further

**ORDERED** that: (a) the Debtor shall file a supplemental brief in support of an award of sanctions on or before August 30, 2024; (b) Honeedew shall file a brief in response on or before September 30, 2024 and (c) a hearing will be held on an award of sanctions on October 15, 2024 at 1:30 p.m.



Dated: July 23, 2024
Brooklyn, New York

Jil Mazer-Marino
United States Bankruptcy Judge