ORTIZ & ORTIZ, L.L.P.
287 Park Avenue South, Suite 337
New York, New York 10010
Tel. (718) 522-1117
Fax (718) 596-1302
email@ortizandortiz.com
Norma E. Ortiz, Esq.
*Co-Counsel to Honeedew Investment LLC*

Hearing Date: Sept. 18, 2024
Time: 11:00 a.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re

BARBARA J. ABADI,

Case No. 24-42873-jmm

Chapter 7

Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**NOTICE OF HEARING ON THE HONEEDEW INVESTMENT LLC'S MOTION TO
DISMISS CHAPTER 7 CASE**

**PLEASE TAKE NOTICE**, that a **VIDEO HEARING BY WEBEX** to consider the
Honeedew Investment LLC's (Honeedew") Motion to Dismiss (the "Motion") the above-
captioned Chapter 7 Case of Barbara J. Abadi (the "Debtor") shall be conducted before the
Honorable Jill Mazer-Marino, U.S. Bankruptcy Judge, on the **18th day of September 2024 at
11:30 a.m.,** in the United States Bankruptcy Court, Eastern District of New York, Conrad B.
Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Brooklyn, NY 11201-1800, or as soon
thereafter as counsel may be heard, for the entry of an order pursuant to Section  of Title 11,
United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Section 707 to
dismiss the Chapter 7 case of the above-captioned Debtor pursuant to 11 U.S.C. Section 707.
Honeedew may request such other and further relief as is just and equitable at the hearing. Any
objections to the relief requested must be filed with the court no later than seven (7) days before

the hearing date stated above.

**PLEASE TAKE FURTHER NOTICE** that if you wish to attend the hearing you must register online with eCourt Appearances at least one business day before the scheduled hearing and provide your name, email address, and telephone number. Instructions for appearing at the hearing can be found at https://www.nyeb.uscourts.gov/content/judge-jil-mazer-marino.

**PLEASE TAKE FURTHER NOTICE**, that you need not appear at the aforesaid hearing if you do not object to the relief requested in the Motion.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief requested in the Motion must be made in writing and must be filed with the Clerk of the Bankruptcy Court electronically at www.nyeb.uscourts.gov. within seven (7) days before the hearing.  If you do not have the ability to file an objection electronically, the objection may be filed with the Clerk of the Court by presenting the Clerk with a copy of the objection saved in .pdf format. A copy of the objection must be provided to (a) the Chambers of the Honorable Jill Mazer-Marino, (b) Ortiz & Ortiz, LLP, at the address listed below, and (c) all parties filing Notices of Appearance, so as to be received no later than seven (7) days prior to the hearing. The objection must comply with the Bankruptcy Rules and the Local Bankruptcy Rules of the court and must state with particularity

the legal and factual bases for such objection.

Dated:    August 8, 2024
          New York, New York

/s/Norma Ortiz
Norma E. Ortiz
Ortiz & Ortiz, L.L.P.
287 Park Ave. South, Ste. 337
New York, New York 10010
Tel. (718) 522-1117
Fax (718) 596-1302
*Co-counsel to Honeedew Investment
LLC*
email@atortizandortiz.com

ORTIZ & ORTIZ, L.L.P.
287 Park Avenue South, Suite 337
New York, New York 10010
Tel. (718) 522-1117
Fax (718) 596-1302
email@ortizandortiz.com
Norma E. Ortiz, Esq.
*Co-Counsel to Honeedew Investment LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re

BARBARA ABADI,

Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Case No. 24-42873-jmm

Chapter 11

## **MOTION TO DISMISS CHAPTER 7 CASE**

Honeedew Investment LLC ("Honeedew") by and through its co-counsel Ortiz &
Ortiz,L.L.P., hereby states as follows:

## **BACKGROUND**

1.      Honeedew is the largest creditor of the debtor Barbara J. Abadi (the
"Debtor").  It obtained a judgment against the Debtor that, at this time, establishes that the
Debtor owes Honeedew no less than $7.5 million dollars.

2.      The Debtor filed a voluntary Chapter 7 petition on July 11, 2024 (the "Petition
Date"). She has served as a debtor since that time.  The Debtor's Voluntary Chapter 7 Petition
for Bankruptcy (the "Petition") is annexed as Exhibit A.  The Petition was not signed by the
Debtor when it was filed.  As set forth in Exhibit A, the Petition was docusigned by Jennifer
Polich ("Polich").  Polich is a creditor of the Debtor, paid Debtor's counsel's legal fees to file

this case, and allegedly obtained a Power of Attorney ("POA") that purportedly enables her to act on the Debtor's behalf.  On the Petition Date, Polich filed a Declaration that annexed the POA and asserts the POA was executed on June 17, 2024.  Both the Declaration and Petition appear to be docusigned.  The two witnesses to the POA reside in Florida and executed the POA on June 29, 2024.  When the witnesses signed the POA, they asserted that they had witnessed the Debtor execute the POA in New York on June 17, 2024.

3.      On the Petition Date, the Debtor was incarcerated in New York City's local penitentiary that is commonly referred to as Rikers Island.  In fact, the Petition provides that the Debtor's "residence" was the Rikers Island Jail Complex, 19-19 Hazen St., Rose Singer Center, Queens County, NY  11370.  However, the Debtor's Statement of Financial Affairs states that in the 180 days prior the Petition Date, the Debtor resided in the following locations:  Buenos Aires, Argentina from January 2024 through April 30, 2024 and 3438 East Lake Road, Ste. 14, Palm Harbor, Florida from November 1, 2023 through December 31, 2023.  The Debtor's Palm Harbor address appears to be a commercial space rented for the receipt of mail and is not a residence.  See Exhibit B.  The Debtor provides no address for her residence in Argentina in her Statement of Financial Affairs.  It is clear from the Debtor's admissions that she did not reside in New York when she filed the petition and that Rikers Island is not her residence.  In addition, the state court confiscated the Debtor's passport to ensure that she could not leave the United States and evade her responsibilities to Honeedew.

4.      The POA does not authorize Polich to file a bankruptcy petition on the Debtor's behalf.  The undersigned requested copies of Ms. Polich's original signatures on the Petition on multiple occasions and has never received a response this request.

5.      On July 22, 2024, eleven days after the Petition Date, the Debtor filed a

second petition that contained her signature as Doc. No. 16.

## RELIEF REQUESTED

6.      Honeedew asserts that the Debtor's bankruptcy filing was not properly filed and should be deemed invalid under applicable law.  The POA filed in support of the petition contained a digital signature of the Debtor's agent and was not properly executed.  The Petition did not contain an original signature of the Debtor or Polich.  The POA appears to not have been witnessed by the two witnesses when it was executed by the Debtor and did not authorize a bankruptcy filing.  There is no dispute that the Debtor did not sign her voluntary petition and relied on the use of an invalid POA in commencing this case.

7.      Honeedew requests that the Court dismiss the Debtor's case pursuant to 11 U.S.C. §707(b). Bankruptcy Code Section 707(b) authorizes the court to dismiss a case when it would be an abuse of the of the provisions of Chapter 7 to permit the case to proceed.  The Court should find that the POA did not properly authorize the bankruptcy filing and the Debtor's failure to properly commence this case should not be condoned by the court.  E.g., In re Nina, 562 B.R. 585, 599 (Bankr. E.D.N.Y. 2016) ("A power of attorney may not be used to file a petition on behalf of a debtor unless it contains language specifically authorizing the commencement of a bankruptcy case.") (citing In re Curtis, 262 B.R. 619, 623 (Bankr. D. Vt. 2001); See also In re Morgan, 182 B.R. 4, 5 (Bankr. S.D.N.Y. 1995) (Debtor's petition filed without her knowledge by another pursuant to an unacknowledged power of attorney that did not specifically authorize filing bankruptcy was deemed a legal nullity).  Moreover, an original signature on a voluntary petition is required of any properly filed bankruptcy case.  See., e.g., In re Maes, 616 B.R. 784, 795 (Bankr. D. Colo. 2020) ("Debtors must sign the petition, Schedules, and SOFA as a means of not only authorizing the filing of these documents, but of verifying, under penalty of perjury,

that they have reviewed the information contained therein and that it is true and correct to the best of their knowledge, information, and belief.") (citations omitted).

8.      In <u>In re Vitagliano</u>, 303 B.R. 292 (Bankr. W.D.N.Y. 2003), the court stated that any POA utilized to execute a bankruptcy petition must be validly executed in accordance with state laws, including proper witnessing and acknowledgment, and specifically authorize a bankruptcy filing.  Like Mrs. Abadi, <u>Vitagliano</u> involved an incarcerated person's efforts to file for relief under chapter 7 through a power of attorney – in that case the agent was the mother. The Bankruptcy Court specifically rejected the filing based on several factors which are present here.  The Debtor's incarceration did not prevent her from executing the petition herself:  if she was able to execute the POA while incarcerated, she could have executed the petition herself. Upon information and belief, the Debtor's state court counsel met with the Debtor on numerous occasions and visited her during her confinement.

9.      The Court should not condone the Debtor's actions in this case.  Permitting the Debtor to rely on a petition that contained no original signatures, that was supported by a POA that was not properly witnessed and did not authorize a bankruptcy filing, and was filed before the court in a state in which the Debtor does not reside is an abject abuse of Chapter 7.  For these reasons, the Motion should be granted.

10.     No prior motion of this kind has been made by the Debtor.

WHEREFORE, Honeedew requests that the Court grant the relief requested above

and grant such other and further relief as the Court deems appropriate and just.

Dated:    August 8, 2024
          New York, New York

                                        _/s/Norma Ortiz_
                                        Norma E. Ortiz
                                        Ortiz & Ortiz, L.L.P.
                                        287 Park Ave. South, Ste. 337
                                        New York, New York 10010
                                        Tel. (718) 522-1117
                                        *Co-Counsel to Honeedew Investment
                                        LLC*

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re

BARBARA J. ABADI,                                                Case No. 24-42873-jmm

                                                                Chapter 7


                            Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### ORDER DISMISSING CASE PURSUANT TO 11 U.S.C. § 707(b)

Upon the Motion to Dismiss Chapter 7 Case filed by Honeedew Investment LLC dated

August 8, 2024 (the "Motion"); a hearing having been held on the Motion on September 18,

2024; proper notice having been given, and cause having been shown for the relief requested, it is

hereby

ORDERED, that the Motion is granted; and it is further

ORDERED, that the Chapter 7 case commenced by the above-captioned debtor is hereby

dismissed pursuant to 11 U.S.C. §707(b).