**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x

In re:           :

          :    Chapter 7

BARBARA J. ABADI, *et* <u>al.</u>,      :

          :    Case No. 24-42873 (JMM)

          :

          :    (Jointly Administered)

         Debtors[1].    :

------------------------------------------------------------------- X

**ORDER, PURSUANT TO 11 U.S.C. §§ 105(A), 363(B), (F), (K) AND (M), AND 365, AND RULES 2002 AND 6004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE: (i) CONFIRMING THE RESULTS OF THE PROCESS TO SELL THE DEBTORS' REAL PROPERTY; (ii) AUTHORIZING THE TRUSTEE TO CONSUMMATE A SALE OF THE REAL PROPERTY WITH THE DESIGNATED PURCHASER FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES; (iii) AUTHORIZING THE TRUSTEE TO MAKE CERTAIN DISBURSEMENTS IN CONNECTION WITH OR FOLLOWING THE CLOSING ON THE SALE OF THE REAL PROPERTY; AND (iv) <u>GRANTING RELATED RELIEF</u>**

Upon the motion of Eric Huebscher, as chapter 7 trustee of the estates of Barbara J. Abadi ("<u>Barbara</u>") and Carlos J. Abadi ("<u>Carlos</u>" and together with Barbara, the "<u>Debtors</u>"), the debtors in the above-captioned chapter 7 cases (the "<u>Cases</u>"), seeking entry of an order, pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Federal Rules of Bankruptcy Procedure 2002, 6004, and 6006 (the "<u>Bankruptcy Rules</u>"): (i) confirming the results of the Sale Process (later defined), (ii) authorizing the Trustee to consummate a sale of the real property located at 34/47 Calle Parera, Unit 2, 1st Floor, Registration No. 20-2703/2, Buenos Aires, Argentina (the "<u>Property</u>") to Emilio Noseda or his designee (the "<u>Designated Purchaser</u>") free and clear of all liens, claims, encumbrances and interests; (iii) authorizing the Trustee to make certain disbursements in connection with or following the closing

---

[1] Barbara J. Abadi's chapter 7 case is being jointly administered with Carlos A. Abadi's chapter 7 bankruptcy case, which case is pending in this Court as Case No. 24-43315(JMM).

on the sale of the Property; and (iv) granting related relief [ECF No. 114] (the "Initial Sale Motion"); and upon the Sale Procedures Order entered by the Court on January 13, 2025 [ECF No. 137] (the "Sale Procedures Order"), pursuant to sections 105(a), 363, and 365 title 11 of the Bankruptcy Code, Rules 2002, 6004 and 6006 of the Bankruptcy Rules, and Rules 2002-1, 6004-1, 6006-1 and 9006-1(b) of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Bankruptcy Rules"): (a) authorizing the Trustee to conduct a process to sell the Property (the "Sale Process") free and clear of all liens, claims, encumbrances and interests, "as is" and "where is," and without any representations or warranties, in accordance with the sale procedures (the "Sale Procedures") annexed as **Exhibit A** to the Sale Procedures Order; (b) approving the form, manner and extent of notice of the Sale (the "Sale Notice"), annexed as **Exhibit B** to the Sale Procedures Order; (c) scheduling a hearing to confirm the results of the Sale Process (the "Sale Hearing"); and (d) granting such other and further relief as this Court deems just and proper under the circumstances; and it appearing that due and appropriate notice of the Sale Motion, the Sale Procedures Order, the Sale Procedures, and the Sale Hearing having been given; and upon the Amended Sale Procedures Order, entered by the Court on April 14, 2025 [ECF No. 199] (the "Amended Sale Procedures Order") that extended certain deadlines fixed in the Sale Procedures Order; and upon the Notice of Designated Purchaser and Sale Confirmation Hearing, which included the Agreement of Sale between the Trustee and the Designated Purchaser, dated as of February 27, 2026 (the "Sale Contract"), filed on February 27, 2026 [ECF No. 282] (the "Notice of Designated Purchaser" and together with the Initial Sale Motion, Sale Procedures, Sale Procedures Order, Sale Notice, Amended Sale Procedures, Sale Contract, the "Sale Motion"); and upon Honeedew Investing LLC's Consolidated Response and Objection to the Chapter 7 Trustee's: (I) Motion to Conduct Sale of Property Free and Clear and Implementing Procedures

[ECF. No. 199]; and (2) Motion to Approve Stipulation and Compromise Pursuant to Fed. R. Bankr. P. 9019 [ECF. No. 278], filed on March 3, 2026 [ECF No. 287] (the "Honeedew Objection"); and it appearing that no other notice of the relief granted by this Order need be given; and the Court having conducted hearings on the Sale Motion on March 10, 2026 and April 7, 2026 and evidentiary hearings on May 8, 2026 and May 11, 2026 (collectively, the "Sale Confirmation Hearing") at which time all interested parties were offered an opportunity to be heard with respect to the Sale Motion and related filings and the results of the Sale Process;

**NOW, THEREFORE**, based upon the pleadings, arguments, testimony and other evidence presented to it, the Court makes the following findings of fact and conclusions of law:

A.      This Court has jurisdiction to hear and determine the Sale Motion and to grant the relief requested in the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This contested matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (N) and (O).  Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  This Order and the decision read into the record of the May 11, 2026 Sale Confirmation Hearing, constitute the Court's findings of fact and conclusions of law to the extent required by Bankruptcy Rule 7052.  Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact as appropriate.

B.      The statutory predicates for relief requested in the Sale Motion are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

C.      Notice of the Sale Motion and the Sale Confirmation Hearing has been provided in accordance with Bankruptcy Rules 2002 and 6004, such notice was good, sufficient, reasonable and appropriate under the circumstances, and no other or further notice of the Sale Motion or Sale Confirmation Hearing is required.

D.  A reasonable opportunity to object and be heard respecting the Sale Motion has been afforded to all interested persons and entities, including, without limitation: (i) the Office of the United States Trustee; (ii) counsel for the Designated Purchaser, if any; (iii) the Debtors' creditors; and (iv) all other parties who filed requests for notice under Bankruptcy Rule 2002 in these cases.

E.  The Trustee provided a reasonable opportunity for his professionals to market the Property under the circumstances and potential bidders were given the opportunity to make an offer to purchase the Property.  Upon the conclusion of the Sale Process, the Trustee determined the Designated Purchaser submitted the highest, best, and only offer for the Property.

F.  The marketing and Sale Process implemented by the Trustee and his advisors, was fair, proper, and reasonably calculated to maximize the value of the Property.

G.  The Trustee afforded all interested potential bidders a full and fair opportunity to qualify as Qualified Prospective Purchasers (as defined in the Initial Sale Motion) under the Sale Procedures and to submit an offer for the Property; however, the Trustee received only one offer and that offer was from the Designated Purchaser.  An auction, as contemplated by the Sale Procedures Order and the Amended Sale Procedures Order, was not required.

H.  The Trustee's determination to sell the Property to the Designated Purchaser on the terms in the Sale Contract, is a prudent and sound exercise of the Trustee's business judgment considering the facts and circumstances related to the Sale Process and the Debtors' bankruptcy cases, and the Trustee's sale of the Property to the Designated Purchaser is in the best interests of the Debtors' estates and their creditors.

I.  Selling the Property other than free and clear of any and all liens, claims (as defined in section 101(5) of the Bankruptcy Code), security interests, mortgages, encumbrances,

obligations, including charges against or interests in the Property, adverse claims, claims of possession, rights of way, licenses, easements or restrictions of any kind, demands, guarantees, actions, suits, defenses, deposits, credits, allowances, options, rights, restrictions, limitations, contractual commitments, rights of first refusal, rights of setoff or recoupment, or interests of any kind or nature whether known or unknown, legal or equitable, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the commencement of these chapter 7 Cases, whether imposed by agreement, understanding, law, equity or otherwise, subject to applicable law, including section 363 of the Bankruptcy Code (individually, a "Lien" and collectively, the "Liens") would adversely impact the Debtors' estates, and the sale of the Property other than as free and clear of all Liens would be of substantially less value to the Debtors' estates.

J.    Honeedew contends in the Honeedew Objection that its claims are partially secured by the Property. Honeedew Objection at ¶ 1. Honeedew objected to the Sale Motion arguing that the Trustee's sale of the Property "impedes Honeedew's rights as a partially secured creditor" and "is improper because it seeks to implement a sale of the [Property] in the amount of $900,000, which sum falls far short of the local costs, interest expenses, and principal of the $4.65 million dollars that is owed to Honeedew in connection with the Exequatur proceedings in Argentina commenced in August of 2017 that attached as liens to the Apartment." Id.

K.    The Trustee objected to the proofs of claim that Honeedew filed against each Debtor and requested the Court to reduce each proof of claim from $15,961,554.70 to $7,547,508.70 and to reclassify each proof of claim from partially secured to unsecured. See Mot. to Object/Reclassify/Reduce/Expunge Claims, ECF No. 276 (the "Claim Objection"). Honeedew responded to the Trustee's Objection and the Trustee replied. See ECF Nos. 286, 288.

L.      The Court heard argument on the Claim Objection on March 10, 2026.  The Court determined that Honeedew's claims should be reclassified from partially secured to unsecured claims.  March 10, 2026 Hr'g Tr. at 67:9–25, ECF No. 319.

M.      Honeedew's objection to the Sale Motion, on the grounds that the Property is being sold for less than the amount of Honeedew's secured claim (which is the sole basis for objecting to the Sale articulated in the Honeedew Objection) should be overruled because the Court determined that Honeedew's claims are unsecured claims.  Further, the objection should be overruled because Bankruptcy Code section 363(f) permits the sale of the estate's property free and clear of interests (including Liens) if such interest is in bona fide dispute.  For the reasons set forth in the Trustee's Objection, Honeedew's response, and the Trustee's reply and based on the record of the hearings on the Claim Objection, there is a bona fide dispute as to the extent, validity, and enforceability of Honeedew's alleged Liens on the Property.  The Trustee satisfied Bankruptcy Code section 363(f) respecting Honeedew's alleged Liens, and the Trustee is authorized to sell the Property free and clear of Honeedew's alleged Liens on the Property.

N.      Holders of Liens, if any, who did not object, or withdrew their objections to the Sale, have either consented or are deemed to have consented to the sale of the Property free and clear of their respective Liens.  Bankruptcy Code section 363(f) has been satisfied as to Lien holders who did not object or withdrew their objections to the Sale.

O.      The Trustee and his professionals conducted the Sale Process in a non-collusive, fair, and good faith manner.

P.      The Sale Contract was negotiated, proposed and executed by the Trustee and the Designated Purchaser without collusion, in good faith, and from arms' length bargaining positions.  Neither the Trustee nor the Designated Purchaser have engaged in conduct that would cause or

permit the Sale or any part of the transactions contemplated by the Sale Contract to be avoidable under section 363(n) of the Bankruptcy Code.

Q.       The Designated Purchaser is purchasing the Property in good faith and is a good faith purchaser within the meaning of Bankruptcy Code section 363(m) and is therefore entitled to the protections of that provision.

R.       The Designated Purchaser is not an "insider" of the Debtors as that term is defined in Bankruptcy Code section 101(31).

S.       The consideration provided by the Designated Purchaser for the Property pursuant to the Sale Contract: (i) is fair and reasonable and represents the fair market value of the Property under the circumstances surrounding the Sale, (ii) is the highest, best, and only offer for the Property, and (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other practical available alternative.

T.       The Trustee has authority and power to execute and deliver the Sale Contract and related agreements and all other documents contemplated by the Sale Contract, to perform his obligations thereunder, and to consummate the Sale.

U.       Portela Administración, the Condominium Association for the Property, has a Lien on the Property.   Notwithstanding the Bankruptcy Code section 362 automatic stay, Portela Administración may attempt to auction the Property, which would diminish the Property sale proceeds available to the Debtors' estates.   Further, the Designated Purchaser may decline to close the transaction if there is further delay in the Sale.

V.       The Trustee has made a sufficient showing to waive the stay imposed by Bankruptcy Rule 6004(h) and demonstrated good cause and a sound business purpose for the immediate consummation of the Sale.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED, AS FOLLOWS:**

1. The relief requested in the Sale Motion is granted to the extent set forth herein.

2. The Honeedew Objection is overruled on the merits. All other objections (including Honeedew's objections to the Sale on grounds not articulated in the Honeedew Objection) that have not been previously resolved or withdrawn are overruled on their merits.

3. The Trustee's entry into the Sale Contract and the sale of the Property is approved.

4. The Trustee is authorized, but not directed, to transfer the Debtors' ownership interests and any deed to the Property to the Designated Purchaser.

5. The Trustee is authorized to take any and all actions necessary or appropriate to (a) consummate the sale of the Property in accordance with the Sale Motion, the Sale Contract and this Order, (b) perform, consummate, implement and close the sale of the Property including, without limitation, consenting to the assignment by Emilio Noseda of any of his rights under or relating to the Sale Contract to the Designated Purchaser, and (c) execute and deliver a deed and any and all additional instruments and documents that may be reasonably necessary or desirable to implement the Sale Contract.

6. Those holders of Liens and other parties who did not object or who withdrew their objections to the Sale Motion, are deemed to have consented to this Order, and, the Sale of the Property free and clear of Liens pursuant to Bankruptcy Code section 363(f)(2) and are bound by this Order, and enjoined from taking any action against the Designated Purchaser, its successors, assigns, representatives, affiliates, properties, or any agent of the foregoing, to recover any claim which such person or entity has against the Debtors, the Debtors' estates, the Debtors' property or any property of the Debtors' estates, including the Property.

7.      Honeedew, whose objections to entry of this Order, the relief requested in the Sale Motion, the Sale Process, and the sale of the Property have been overruled by this Court, and Honeedew's agents, including its counsel and former counsel (to the extent its former counsel is acting on behalf of Honeedew), are bound to act in accordance with this Order, and are enjoined from taking any action against the Designated Purchaser, its successors, assigns, representatives, affiliates, properties, or any agent of the foregoing, to recover any claim which such person or entity has against the Debtors, the Debtors' estates, the Debtors' property, or property of the Debtors' estates, including the Property.

8.      Honeedew, to the extent, if any, it has a valid and enforceable Lien, and those holders of valid and enforceable Liens, if any, fall within one or more of the Bankruptcy Code section 363(f)(1) – (5), inclusive, and are adequately protected by having their valid and enforceable Liens, if any, attach to the Property sale proceeds or by having their Liens satisfied from the Property Sale proceeds at closing.

9.      If a claim that is purportedly secured by a Lien on the Property is in dispute as of closing title to the Property (the "Closing"), then the Trustee shall hold the Sale Proceeds, net of any distributions authorized by the Bankruptcy Court to be paid by the Trustee at the Closing, in the bank account for the Debtors' estates pending entry of a Bankruptcy Court order allowing or disallowing such claim.

10.      Effective as of the Closing, all entities, including, but not limited to, the Debtors, creditors, employees, former employees, retained professionals, administrative agencies, tax and regulatory authorities, governmental departments, secretaries of state, federal, state and local officials, and their respective successors or assigns, including, but not limited to, persons asserting any Liens, claims or encumbrances of any kind against the Debtors or their assets, shall be

permanently and forever barred, restrained and enjoined from commencing or continuing in any manner any action or other proceeding of any kind against the Property or the Designated Purchaser (or its successors, assigns, agents or representatives) as alleged successor or otherwise with respect to any Liens, claims or encumbrances on or respecting the Property.

11.     The Sale Contract, together with the terms and provisions of this Order, shall be binding in all respects upon all entities, including, but not limited to the Trustee, Debtors, the Designated Purchaser, creditors and their professionals, former employees, retained professionals, administrative agencies, governmental departments, secretaries of state, federal, state and local officials and their respective successors or assigns, including but not limited to persons asserting any Liens, claims or encumbrances against or interest in the Debtors' estates or property of the Debtors' estates, including the Property.

12.     Except as otherwise set forth herein, upon the Closing, all entities holding Liens, claims or encumbrances of any kind and nature against the Debtors' estates shall be barred from asserting such Liens, claims, or encumbrances against the Designated Purchaser (or his or its successors, assigns, agents or representatives) and the Property and, effective upon the transfer of the Property to the Designated Purchaser upon the Closing, the Liens (except as otherwise provided herein) shall attach to the proceeds of the Sale with the same force, validity, priority and effect, if any, as against the Property.

13.     Except as otherwise provided herein, this Order (a) is and shall be effective as a determination that, upon the Closing, all Liens, claims and encumbrances existing as to the assets conveyed to the Designated Purchaser have been and hereby are adjudged to be unconditionally released, discharged and terminated, with all such Liens, claims and encumbrances attaching automatically to the proceeds in the same manner and priority solely if allowed or authorized by

order of the Bankruptcy Court, and (b) shall be binding upon and govern the acts of all entities, including all filing agents, filing officers, title agents, title companies, notary publics, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Debtors' assets, including the Property, conveyed to the Designated Purchaser. Except as otherwise provided herein, all Liens, claims and encumbrances of record as of the date of this Order shall be deemed to be removed and stricken as against the Property in accordance with the foregoing. Except as otherwise provided herein, all entities are authorized and specifically directed to strike all such recorded Liens, claims and encumbrances against the Property from their records, official or otherwise.

14. If any person or entity that has filed financing statements, mortgages, *lis pendens* or other documents or agreements evidencing Liens, claims or encumbrances on the Property shall not have delivered to the Trustee prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases or withdrawals of liens, claims, encumbrances and easements, and any other documents necessary for the purpose of documenting the release of all Liens, claims and encumbrances which the person or entity has or may assert with respect to the Property, then the Trustee shall be and is authorized and directed upon the Closing, and the Designated Purchaser shall be authorized upon the Closing, to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Property. Each of the Debtors' creditors is authorized and directed to

execute such documents and take all such actions as may be necessary to release their respective Liens against the Property.

15.     Actions that improperly interfere with the Trustee's sale of the Property to the Designated Purchaser or inconsistent with this Order may constitute contempt or a violation of section 362(a) of the Bankruptcy Code's automatic stay.  For the avoidance of doubt, an appeal of this Order or request for a stay pending appeal is not improper or inconsistent with this Order.

16.     Upon Closing, the Designated Purchaser (or his successors, assigns, agents or representatives) shall not be deemed to be a successor to the Debtors. Without limiting the generality of the foregoing, and except as specifically provided in the Sale Contract, the Designated Purchaser (or his or its successors, assigns, agents or representatives) shall not be liable for any claims against the Trustee, the Trustee's professionals retained in the Bankruptcy Cases, the Debtors or any of their respective predecessors or affiliates, or assets, other than as expressly provided for in the Sale Contract or this Order.

17.     Upon the Closing, the Trustee shall be authorized to pay the claims and administrative expenses of the following creditors:

   a.   Condominium Association – Portela Administración;

   b.   Local Taxing Authorities;

   c.   Utilities; and

   d.   Dr. Frederico Jiminez Herrera and Dr. Carlos Mariano Bellucci, pursuant to the order approving the stipulation by and between the Trustee and those two persons, entered by the Court on March 16, 2026 [ECF No. 295] - $35,000.

18.     At or promptly following the Closing, the Trustee is authorized and directed to satisfy the agreed amount of claims secured by Liens on or interests in the Property from Property

Sale proceeds, including the claim of Portela Administración, the Condominium Association for the Property at the closing on the sale of the Property. Lienholders whose Liens on the Property or claims are disputed shall not receive a distribution on account of their alleged Liens until the disputes are resolved.

19. This Order shall survive entry of any order which may be entered (a) dismissing the Debtors' bankruptcy Cases; or (b) appointing an examiner or successor trustee, and the Sale Contract as well as the rights and interests granted pursuant to this Order and the Sale Contract shall continue in this or any superseding case and shall be binding upon the Debtors, the Designated Purchaser, the Debtors' creditors, and their respective agents, successors and permitted assigns.

20. Each and every federal, state, and governmental agency or department and any other person or entity, including those based in Argentina, is directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Sale Contract.

21. To the extent, if any, anything contained in this Order conflicts with a provision in the Sale Contract, this Order shall govern and control.

22. The Designated Purchaser is purchasing the Property in good faith and is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is therefore entitled to the protection of that provision. The consideration provided by the Designated Purchaser for the Property is fair and reasonable, and the Sale may not be avoided under section 363(n) of the Bankruptcy Code.

23. This Court retains jurisdiction to: (a) interpret, implement and enforce the terms and provisions of this Order (including any injunctive relief provided in this Order) and the terms

of the Sale Contract, all amendments thereto and any waivers and consents thereunder and of each of the agreements executed in connection therewith; (b) protect the Designated Purchaser (and its successors, assigns, agents and representatives) and the Property from and against any Liens, claims or encumbrances; (c) resolve any disputes arising under or related to the Sale Contract, the sale of the Property, or this Order; (d) adjudicate all issues concerning (alleged) pre-Closing Liens, claims, encumbrances, and any other (alleged) interest(s) in and to the Debtors' assets, including the Property, which shall also include the extent, validity, enforceability, priority and nature of all such (alleged) Liens, claims, encumbrances, and any other (alleged) interest(s); and (e) adjudicate any issues or disputes relating to the Debtors' estates' right, title or interest in the Debtors' assets, including the Property, the Sale Motion and/or the Sale Contract.

24. This Order and the Sale Contract shall be binding upon all creditors (whether known or unknown) of the Debtors and their former, current or future agents, all successors and assigns of the Designated Purchaser, the Trustee and his retained professionals, the Debtors' assets, including the Property, and any subsequent trustees appointed in the Debtors' chapter 7 Cases or upon dismissal of the Debtors' bankruptcy Cases.

25. The failure to include any particular provisions of the Sale Contract in this Order shall not diminish or impair the efficacy of such provisions, it being the intent of the Court that the Sale Contract and each and every provision, term and condition thereof be, and therefore is, authorized and approved in its entirety.

26. The provisions of this Order are non-severable and mutually dependent.

27. The automatic stay of section 362(a) of the Bankruptcy Code shall not apply to and otherwise shall not prevent the exercise or performance by any party (i.e., the Trustee or the

Designated Purchaser) of its rights or obligations under the Sale Contract, including, without limitation, with respect to any cash held in escrow pursuant to the provisions thereof.

28.     This Sale Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 6004(h), 7062, or otherwise.

Dated: May 19, 2026
      Brooklyn, New York



_____
Jil Mazer-Marino
Chief United States Bankruptcy Judge